IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 5:14-CV-146 (MTT) ) |
| BEDSOLE ENTERPRISES, INC., UNITED BANK CORPORATION, and UNITED BANK, | ) ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Before the Court is the Plaintiff's motion for default judgment against Defendant Bedsole Enterprises, Inc. (Doc. 16).

The Plaintiff issued policy No. RD 9120037-08 to "Bedsole Enterprises Inc. d/b/a The Lighthouse Restaurant" for the period January 1, 2012 to January 1, 2013.[1] (Doc. 1, ¶ 10; Doc. 1-1). On July 10, 2012, Bedsole asserted a claim under the policy for a fire that occurred that day at The Lighthouse Restaurant. (Doc. 1, ¶ 11). The Plaintiff alleges Stephen Brehaut, secretary of Bedsole Enterprises and manager of The Lighthouse Restaurant, set the fire that resulted in Bedsole Enterprises' insurance claim. (Doc. 1, ¶¶ 12-13).

In September 2012, Bedsole submitted a sworn Proof of Loss that the fire did not originate by an act, design or procurement on the part of the insured. (Doc. 1, ¶ 14;

---

[1] The building that housed the Lighthouse Restaurant is owned by Bedsole Investments, L.P., and not Bedsole Enterprises. (Doc. 1, ¶ 15).

Doc. 1-2). During its investigation, the Plaintiff requested information from Bedsole to support its claim.[2] (Doc. 1, ¶ 16; Doc. 1-3). The Plaintiff also took an examination under oath of Bedsole through its representatives Sherry Wise and Brehaut. (Doc. 1, ¶ 17). During Wise's examination, she said certain documents responsive to the Plaintiff's letters were in Bedsole's possession. (Doc. 1, ¶ 18). The Plaintiff subsequently requested production of the documents that Bedsole admitted were in its possession.[3] (Doc. 1, ¶ 19; Doc. 1-4). However, Bedsole has not provided these documents to the Plaintiff. (Doc. 1, ¶ 20).

The policy covers claims for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss," subject to conditions and exclusions. (Doc. 1, ¶ 27). Among the policy's exclusions is language that states as follows:

> 2. We will not pay for loss or damage caused by or resulting from any of the following:
> > h. Dishonest or criminal act by your, any of your partners, members, officers, managers, employees (including leased employees), directors, trustees, authorized representatives or anyone to whom you entrust the property for any purpose:
> > > (1) Acting alone or in collusion with others; or
> > > (2) Whether or not occurring during the hours of employment.
> > This exclusion does not apply to acts of destruction by your employees (including leased employees); but theft by employees (including leased employees) is not covered.

---

[2] These requests were made by letters dated August 10, 2012, October 25, 2012, December 20, 2012, February 12, 2013, and March 28, 2013. (Doc. 1, ¶ 16).

[3] These requests were made by letters dated September 30, 2013, November 7, 2013, January 10, 2014, and February 10, 2014. (Doc. 1, ¶ 19).

(Doc. 1, ¶ 29).  Additionally, the policy contained the following conditions precedent to coverage that required Bedsole's compliance:

> (5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
> (6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
> . . .
> (8) Cooperate with us in the investigation or settlement of the claim.

(Doc. 1, ¶ 30).  Finally, the policy contained a fraud provision:

> This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
> 1. This Coverage Part;
> 2. The Covered Property;
> 3. Your interest in the Covered Property; or
> 4. A claim under this Coverage Part.

(Doc. 1, ¶ 31).

In April 2014, the Plaintiff filed suit seeking a declaration that coverage for Bedsole is void and excluded or, alternatively, a declaration that Bedsole is not entitled to proceeds under the policy.  (Doc. 1, ¶ 41).  Bedsole was served with process on April 22, 2014.  (Doc. 5).  However, Bedsole did not serve a responsive pleading or motion to the complaint.  The Clerk of the Court filed an entry of default against Bedsole on May 20, 2014.  Since the lawsuit was filed, Bedsole has failed to appear or otherwise defend against this action.  On June 10, 2014, the Plaintiff moved for default judgment.  (Doc. 16).  Bedsole has not responded.

At a party's request, and following the Clerk's entry of default, the Court may enter a default judgment against a defendant who has failed to plead or otherwise

defend.  *See* Fed. R. Civ. P. 55;  *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys, Inc.*, 803 F.2d 1130, 1134 (11th Cir. 1986).  However, default judgment does not follow automatically from an entry of default.  The Court also "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought."  *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).  *See also Nishimatsu Constr. Co. Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

In Georgia, "insurance is a matter of contract, and the parties to an insurance policy are bound by its plain and unambiguous terms."  *Hays v. Ga. Farm Bureau Mut. Ins. Co.*, 314 Ga. App. 110, 111, 722 S.E.2d 923, 925 (2012) (citation omitted).  Here, based on the facts admitted by Bedsole upon its default, and under the plain and unambiguous terms of the insurance contract, the Court finds coverage for the fire loss is excluded and void.  Namely, coverage is excluded because Bedsole's officer, Brehaut, committed a "dishonest or criminal act" by setting fire to the restaurant.  Moreover, coverage is void because Bedsole intentionally concealed or misrepresented a material fact by submitting a sworn proof of loss that the fire did not originate by an act, design or procurement on the part of the insured despite the fact that Brehaut actually set the fire.  Finally, Bedsole breached conditions precedent to coverage by not providing documents requested by the Plaintiff during its investigation of the fire.

---

[4] The Eleventh Circuit has adopted as binding all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

Consequently, Bedsole is not entitled to any benefits under the insurance policy, and the Plaintiff is entitled to default judgment against the company.

Accordingly, the Plaintiff's motion for default judgment as to Defendant Bedsole Enterprises is **GRANTED**.

**SO ORDERED**, this 10th day of July, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
